**Jilsca OPPIER, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 14-70632

United States Court of Appeals, Ninth Circuit.

Submitted July 10, 2017 *
Pasadena, California

Filed July 17, 2017

David M. Haghighi, Attorney, Law Offices of David M. Haghighi, APC, Los Angeles, CA, for Petitioner

Margaret Kuehne Taylor, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: PREGERSON, REINHARDT, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Jilsca Oppier ("Oppier"), a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying her motion to reopen her application for asylum, withholding of removal, and protection under

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review and remand for further proceedings consistent with this disposition.

Oppier failed to file her motion to reopen within ninety days of the date the final administrative decision was rendered. Therefore, the motion is time-barred unless it is "based on changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii); see also 8 U.S.C. § 1229a(c)(7)(C)(ii). To show changed country conditions, Oppier must produce evidence of changed conditions that are material and could not have been discovered or presented at the previous proceeding. See Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir. 2004). In addition, she must show prima facie eligibility for the underlying relief requested: asylum, withholding of removal, or protection under CAT. Id. at 947–48.

1. The BIA abused its discretion in concluding that Oppier failed to show changed circumstances for Christians in Indonesia between December 15, 2006, the date of her original hearing, and October 10, 2013, the date she filed her motion to reopen. "The comparison to be made is not between the motion to reopen and the previous application, but between the country conditions at the time of the ... motion [to reopen], and those at the time of the prior hearing." Salim v. Lynch, 831 F.3d 1133, 1138 (9th Cir. 2016). In Salim v. Lynch, we held that the conditions for Christians in Indonesia qualitatively changed between 2006 and 2013. See id. at 1139. That holding controls here because Oppier's motion to reopen is based on a change in conditions between 2006 and 2013. Furthermore, Oppier submitted evidence similar to that of the petitioner in Salim, including Department of State and United States Commission on International Religious Freedom country reports, which showed increased threats and attacks against Christians and their places of worship. In addition, she submitted a declaration, letter, and medical evidence detailing attacks that her family suffered after 2006 on account of its religion. Specifically, the evidence describes a 2012 incident in which extremists broke into Oppier's brother's home during a prayer group and attacked her brother and father, causing her father to break his hand. Accordingly, Oppier has established changed country conditions in Indonesia sufficient to excuse the untimeliness of her motion.

2. Oppier has also established prima facie eligibility for asylum. Oppier established her subjective fear of persecution through her credible testimony in front of the Immigration Judge. See Singh v. INS, 134 F.3d 962, 966 (9th Cir. 1998). She also established an objectively reasonable fear of persecution based on her membership in a disfavored group and her individualized risk of persecution. We have held that Christians in Indonesia are a disfavored group. Tampubolon v. Holder, 610 F.3d 1056, 1062 (9th Cir. 2010). Additionally, Oppier submitted evidence detailing threats and physical attacks against family members on account of their Christianity that sufficiently demonstrates Oppier's individualized risk of persecution. See Salim, 831 F.3d at 1140 (holding that letters from family members showing that they were subject to threats, intimidation, and limitations on their religious freedom were sufficient to show an individualized threat of persecution).

Accordingly, the BIA abused its discretion in denying Oppier's motion to reopen based on changed country conditions. The Attorney General, Jefferson B. Sessions III, shall bear the costs on appeal.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.